1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HOWARD CHABNER and MICHELE DESHA, | ) ) ) | No. C 04-4868 SI |
| Plaintiffs, | ) ) | **SETTLEMENT AGREEMENT AND ORDER** |
| vs. | ) ) ) | **APPROVING SAME** |
| SEA RANCH HOLDINGS, LLC, ABALONE COVE MANAGEMENT COMPANY LLC, PASSPORT RESORTS, LLC, SEA RANCH LODGE AND VILLAGE, LLC, COASTAL HOTEL GROUP INC., and DOES 1-5, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

Settlement Agreement And Order Approving Same
*Chabner v. Sea Ranch Lodge, et al.*, Case No. C 04-4868 SI

## I.     RECITALS

1.     On November 16, 2004, Plaintiffs Howard Chabner and Michele DeSha commenced an action in the United States District Court for the Northern District of California (the "District Court"), Case No. C-04-4868 SI (the "Lawsuit"), against Defendants Sea Ranch Lodge and Village LLC and Coastal Hotel Group, Inc., alleging *inter alia,* discrimination in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), and other related claims. On December 28, 2005 Plaintiffs filed a First Amended Complaint additionally naming as defendants Sea Ranch Holdings LLC, Abalone Cove Management Company LLC and Passport Resorts LLC.

2.     Defendants are Sea Ranch Holdings LLC (hereafter "Owner Defendant"), Abalone Cove Management Company LLC, Passport Resorts LLC and the Sea Ranch Lodge and Village LLC (hereafter collectively "Defendants").

3.     Defendants deny any and all liability to the Plaintiffs, and deny that they have violated any laws, including without limitation, Title III of the ADA, the Unruh Civil Rights Act, the Disabled Persons Act, California Business and Professions Code section 17200, and California common law fraud.

4.     The Parties enter into this Settlement Agreement to resolve all claims and disputes that are the subject of the Lawsuit.

## II.    DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the meaning ascribed to them in this Section and in the Recitals.  Any term not expressly defined in this Section or elsewhere in this Settlement Agreement that has an expressly defined meaning in the ADA, the regulations promulgated thereunder (hereinafter the "Regulations"), the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), or Title 24 of the California Code of Regulations ("Title 24") shall have the meaning ascribed to it by the ADA, the Regulations, the ADAAG, or Title 24. All other terms shall be interpreted according to their plain and ordinary meaning.

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

1

2      **A.**    <u>**Notice**</u>

3          "Notice" means a written notification to the undersigned attorneys for the Parties herein.

4  Unless otherwise provided herein, emails shall constitute notice.

5

6  **III.**    **DISABILITY ACCESS IMPROVEMENTS**

7          The Owner Defendant shall make the disability access improvements specified in

8  <u>Exhibit A</u> which is attached hereto and incorporated herein by reference. The Defendant

9  Owner represents that the Barn is not being used for events.

  **IV.**    **COMPLIANCE**

10

11      **A.**    <u>**Notice Requirements**</u>

12          The Owner Defendant shall submit a notice to Plaintiffs' counsel within ten (10) days of

13  completion of all improvements made by them pursuant to this Settlement Agreement (hereafter

14  "Notice") The Notice shall confirm the Owner Defendant's compliance with and completion of

15  the improvements required by this Settlement Agreement. The Notice may be provided by email.

16  **V.**    **INSPECTIONS AND REPORTING**

17          After the Owner Defendant has completed construction of the improvements and given

18  Notice of the same, upon not less than five (5) days prior notice to the Owner Defendant's

19  attorneys, Plaintiffs' expert(s) may within thirty (30) days after such Notice specified in Section

20  IV above, conduct inspections of Sea Ranch Lodge's facilities during such time periods and on

21  such days as are reasonably acceptable to the Defendants, to assure compliance with Owner

22  Defendant's obligation under this Settlement Agreement respecting the completion of the

23  improvements required by this Settlement Agreement. Owner Defendant shall be entitled to

24  accompany the Plaintiffs' expert(s) during such inspections and may restrict the expert(s) from

25  entering areas where private functions are then occurring. Owner Defendant shall pay plaintiffs a

26  sum not to exceed $750.00 to plaintiffs to cover plaintiffs' expert's inspection fee for this

27  inspection.

28

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same
- 2 -

## VI.    RESOLUTION OF ANY DISPUTES

In the case of any disputes arising out of any alleged failure to perform in accordance with the terms of this Settlement Agreement, any such dispute may be submitted to Judge Susan Illston of the U.S. District Court for the Northern District of California for resolution and enforcement of this Settlement Agreement in accordance with the requirements of applicable federal and state disability nondiscrimination law.

## VII.    MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542

Except for all obligations required in this Settlement Agreement, each of the Defendants on the one hand, and the Plaintiffs, on the other hand, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all officers, directors, shareholders, managers, subsidiaries, joint ventures, stockholders, partners, members, affiliates, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

Each of the Parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Settlement Agreement is signed.  Except for all obligations required in this Settlement Agreement, the Parties intend that this Settlement Agreement apply to all such further loss with respect to the Lawsuit, except those caused by the Parties subsequent to the execution of this Settlement Agreement.  Therefore, except for all obligations required in this Settlement Agreement, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Settlement Agreement with respect to the Lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

1   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

2   CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR

3   AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN MUST HAVE

4   MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VIII. SETTLEMENT SUM - DAMAGES, ATTORNEYS' FEES AND COSTS

As further consideration for the foregoing releases, Defendant Sea Ranch Lodge and Village LLC shall pay to Plaintiffs the sum of $77,500.00 in full and complete satisfaction any and all claims which are the subject of this Settlement Agreement or its subject matter (hereafter "Settlement Sum"). The Settlement Sum shall be made payable to Schneider & Wallace in trust for Plaintiffs Howard Chabner and Michele DeSha and delivered to plaintiffs' attorneys at their San Francisco Law offices by wire transfer to their client trust account by no later than Thursday April 13, 2006 at Noon.

If payment of the Settlement Sum is not made within the due date, this Settlement Agreement shall be considered terminated, and this matter shall return to active litigation before the District Court.

## IX. DISMISSALS AND ENFORCEABILITY OF SETTLEMENT AGREEMENT BEFORE THE UNITED STATES DISTRICT COURT

Upon Plaintiffs' receipt of the settlement sum, Plaintiffs' counsel shall simultaneously file and serve a dismissal with prejudice as to all Defendants and all claims in the Lawsuit. With respect to any disputes regarding Defendants' completion of any access work required by this Settlement Agreement, the Parties agree that Plaintiffs may bring a motion to enforce the requirements of this Settlement Agreement before the District Court in accordance with the applicable federal and disability nondiscrimination laws.

## X. EFFECTIVE DATE OF SETTLEMENT AGREEMENT

This Settlement Agreement shall become effective only after the satisfaction of the following conditions precedent: (i) the complete execution of the Settlement Agreement by all Parties hereto; (ii) the timely delivery of the Settlement Sum as provided in this Settlement Agreement; and (iii) the filing of the dismissals with prejudice of all defendants in the above-

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

1  entitled action as to all claims pleaded therein. Such date should be defined as the "Effective

2  Date" in this Settlement Agreement.

3

4  **XI.  SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES' JOINT AND SEVERAL LIABILITY**

5  This Settlement Agreement and Order shall be binding on Plaintiffs and Defendants and their

6  respective successor(s) in interest during the term of this Settlement Agreement.  Each party shall

7  notify each such successor in interest in writing of the existence and terms of this Settlement

8  Agreement and Order.

9  **XII.  MISCELLANEOUS**

10      **A.  Counterparts**

11  This Settlement Agreement may be executed in counterparts, each of which will be

12  considered an original, but all of which, when taken together, will constitute one and the same

13  instrument.

14      **B.  Interpretation**

15  The language of this Settlement Agreement shall be construed as a whole according to its fair

16  meaning, and not strictly for or against any of the Parties.  The headings in this Settlement Agreement

17  are solely for convenience and will not be considered in its interpretation.  Where required by context,

18  the plural includes the singular and the singular includes the plural, and the terms "and" and "or" shall

19  mean "and/or."  This Settlement Agreement is the product of negotiation and joint drafting so that any

20  ambiguity shall not be construed against any party.

21      **C.  Additional Documents**

22  To the extent any documents are required to be executed by any of the Parties to effectuate

23  this Settlement Agreement, each party hereto agrees to execute and deliver such and further

24  documents promptly as may be required to carry out the terms of this Settlement Agreement.

25      **D.  Entire Settlement Agreement**

26  This Settlement Agreement and its incorporated documents constitutes the entire

27  agreement on the matters raised herein, and no other statement, promise, or agreement, either

28  written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same
- 5 -

1   this written Settlement Agreement and incorporated documents, shall be enforceable regarding the

2   matters raised herein.

3        **E.**     **Public Document**

4        This Settlement Agreement is a public document.  A copy of this document, and any

5   information contained herein, may be made available to any person.

6        **F.**     **Authority to Bind**

7        The undersigned each represent and warrant that they are authorized to sign on behalf of,

8   and to bind, the Parties on whose behalf they are signing.

9   \\\

10  \\\

11  \\\

12  \\\

13  \\\

14  \\\

15  \\\

16  \\\

17  \\\

18  \\\

19  \\\

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26  \\\

27  \\\

28  \\\

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

1  **APPROVED AS TO FORM:**         **SCHNEIDER & WALLACE**

2  For Plaintiffs:

3

4  Dated: April 7, 2006                   By: _____

5                                       Guy B. Wallace

6                                       Attorneys for Plaintiffs

7  Dated: April 7, 2006                   By: _____

8                                       Howard Chabner

9

10  Dated: April 7, 2006                   By: _____

11                                       Michele DeSha

12

13  For Defendants:

14  **APPROVED AS TO FORM**        **NIXON PEABODY LLP**

15

16  Dated: April 6, 2006                   By: _____

17                                       J. Thomas Trombadore

                                     Attorneys for Defendant Sea Ranch Lodge And

18                                       Village, LLC

19                          **SEA RANCH LODGE AND VILLAGE, LLC**

20

21

22  Dated: April 6, 2006                   By: _____

23                                     John Power,

                                   Managing Member

24  **APPROVED AS TO FORM**        **HELLER EHRMAN LLP**

25

26  Dated: April 6, 2006                   By: _____

                                     K.William Neuman

27                                       Attorneys for Defendants Sea Ranch Holdings

                                     LLC, Abalone Cove Management LLC, and

28                                       Passport Resorts LLC

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

1    **APPROVED AS TO FORM:**      **SCHNEIDER & WALLACE**

2    For Plaintiffs:

3

4    Dated: April 6, 2006      By:_____

5                            Guy B. Wallace

6                            Attorneys for Plaintiffs

7    Dated: April 6, 2006      By:_____

8                            Howard Chabner

9

10    Dated: April 6, 2006      By:_____

11                            Michele DeSha

12

13    For Defendants:

14    **APPROVED AS TO FORM**      **NIXON PEABODY LLP**

15

16    Dated: April 6, 2006      By:_____

17                            J. Thomas Trombadore

18                            Attorneys for Defendant Sea Ranch Lodge And Village, LLC

19                            **SEA RANCH LODGE AND VILLAGE, LLC**

20

21

22    Dated: April 6, 2006      By:_____

23                            John Power, Managing Member

24    **APPROVED AS TO FORM**      **HELLER EHRMAN LLP**

25

26    Dated: April 6, 2006      By:_____

27                            K. William Neuman
                           Attorneys for Defendants Sea Ranch Holdings

28                            LLC, Abalone Cove Management LLC, and Passport Resorts LLC

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same

**SEA RANCH HOLDINGS LLC**
By Passport Resorts LLC
Its: Manager

Dated: April 6, 2006          By: _____
                                  Peter Heinemann
                                  Manager

ABALONE COVE MANAGEMENT LLC
By Passport Resorts LLC
Its: Manager

Dated: April 6, 2006          By: _____
                                  Peter Heinemann
                                  Manager

PASSPORT RESORTS LLC

Dated: April 6, 2006          By: _____
                                  Peter Heinemann
                                  Manager

## ORDER

Having considered the Parties' Settlement Agreement and good cause appearing, this

Settlement Agreement is hereby approved.

IT IS SO ORDERED.

Dated:   April __, 2006.

_____
HON. SUSAN ILLSTON
United States District Court

*Chabner v. Sea Ranch Lodge, et al.*, Case No. C-04-4868 SI
Settlement Agreement And Order Approving Same
- 8 -